CRAWLEY, Judge,
concurring specially.
I agree with the court’s disposition of this appeal. I write specially to clarify what I believe is-the rule regarding “[t]he precedential value of the reasoning in [this court’s] plurality opinion” in Y.M. v. Jefferson County Department of Human Resources, [Ms. 2010755, January 24, 2003] — So.2d - (Ala.Civ.App.2003). Bryan A. Garner, in A Dictionary of Modem Legal Usage (2d ed.1995), defines a “plurality opinion” as “[a]n appellate opinion without enough judges’ votes to constitute a majority, but having received the greatest number of votes of any of the opinions filed.” Id. at 668. That definition is not particularly helpful because, in Y.M., there were no “opinions filed” other than that of the authoring judge. Judge Pittman concurred with the writer of the opinion. Presiding Judge Yates, as well as Judge Thompson and Judge Murdock, concurred in the result. The result was a reversal on account of evidentiary error — the erroneous admission, in the adjudicatory phase of a parental-rights-termination proceeding, of Department of Human Resources (“DHR”) court reports containing hearsay.
The per curiam opinion released today in the present case states:
“In Y.M., two members of this court concurred in an opinion that concluded that certain DHR court reports contained hearsay that was inadmissible in a hearing on a petition to terminate a parent’s parental rights.We reiterate the conclusion of the Supreme Court of Alabama that ‘[t]he prece-dential value of the reasoning in a plurality opinion is questionable at best.”
872 So.2d at 170.
I believe the foregoing statements are incorrect. First, five members of this court (not two) concluded, by their votes in Y.M., that “certain DHR court reports contained hearsay that was inadmissible in a hearing on a petition to terminate a parent’s parental rights.” — So.2d at -. Although the Y.M. opinion may have been that of a plurality of the court, the result (and therefore the holding, because there was only one issue raised and addressed) was unanimous — that the trial court erred by admitting DHR court reports containing hearsay.
The principle of law resulting from a plurality opinion is the narrowest holding agreed to by a majority of the court. See O’Dell v. Netherlands, 95 F.3d 1214, 1224 (4th Cir.1996). The United States Supreme Court has explained:
“ ‘When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, ‘the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.’ ”
Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (quoting Gregg v. Georgia, 428 U.S. 153, 169 n. 15, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)). In Y.M., there was a single rationale (the erroneous. admission of hearsay) for the result (a reversal). Thus, while all members of this court may not have agreed with the discussion of the disputed issue in Y.M., all members agreed with the holding (that the ease should be reversed based on the evidentiary error of improperly admitting hearsay). To attempt to characterize that holding as something less than authoritative is misleading.